**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TAYLOR,<br><br>          Plaintiff,<br><br>     vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>          Defendant. | CASE NO. CV 11-02459 RZ<br><br>MEMORANDUM OPINION AND ORDER |

   Plaintiff Michael Thomas Taylor has been diagnosed as suffering from bipolar disorder. The Commissioner found that he was not disabled, and Plaintiff asserts that the Commissioner erred by preferring the opinion of a consulting psychologist over that of Plaintiff's treating physician.

   On a check-list form, the treating physician, who is not a mental health professional, indicated that Plaintiff had "extreme limitations" in the ability to maintain socially appropriate behavior. [AR 268] The consultative psychologist, on the other hand, concluded that Plaintiff had few limitations from a psychological perspective, and was capable of functioning in a work environment. [AR 275] The Administrative Law Judge gave Plaintiff the benefit of the doubt, and imposed extra restrictions on his ability to function, stating that Plaintiff could have no more than occasional exposure to the general

public, and that he was limited to low stress work with no rigid quotas or fast production requirements. [AR 14]

The Administrative Law Judge preferred the opinion of the examining psychologist because she was a mental health specialist and the treating physician was a general practitioner. [AR 16]. This conclusion is supported by the administrative regulations. Thus, the pertinent part of the applicable regulation states:

> (d) . . . Unless we give a treating source's opinion controlling weight under paragraph (d)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion.
>
> . . .
>
> (2) *Treatment relationship*. . . . If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight we apply the factors listed in paragraphs (d)(2)(i) and (d)(2)(ii) of this section as well as the factors in paragraphs (d)(3) through (d)(6) of this section in determining the weight to give the opinion.
>
> . . .
>
> (5) *Specialization*. We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.

20 C.F. R. § 404.1527(d).

The Administrative Law Judge was not required here to give controlling weight to the opinion of the treating physician, because his opinion was not consistent with other substantial evidence in the record, specifically the opinion of the consulting psychologist. Then, proceeding to section (d)(5) of the regulation, the Administrative Law Judge was entitled to give the specialist's opinion greater weight. It is true, of course, that a general practitioner is licensed to practice in the mental health field, and that, for many people, a general practitioner is the only physician who treats their mental health needs. *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). But that does not gainsay the fact that, when a specialist *does* give a considered opinion about a patient's mental status and capability, the Administrative Law Judge is entitled to give that opinion greater weight than a contrary opinion of the general practitioner-treating physician. The treating physician cases recognize this distinction. *See, e.g., Holohan v. Massanari,* 246 F.3d 1195, 1201-03 and fn.2 (9th Cir. 2001).

Even though the Administrative Law Judge favored the opinion of the specialist over that of the treating physician, however, the Administrative Law Judge still made accommodations to the work requirements, as noted, in an effort to give the Plaintiff the benefit of the doubt. The Administrative Law Judge need not have done so, but his having done so showed a full measure of respect for the treating physician's opinion.

The Administrative Law Judge having committed no error, the decision of the Commissioner is affirmed.

DATED: February 2, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE